Thomas S. Carter, Esq. (Cal. State Bar No. 256876)
THE LAW OFFICE OF THOMAS S. CARTER
114 N. Indian Hill Blvd., Suite A
Claremont, CA 91711
Tel: (909) 296-3360
tcarter@tscarterlaw.com

Attorney for Plaintiff MUSCLE BAR LLC

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MUSCLE BAR LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MUSCLEPHARM CORPORATION, a Nevada corporation; and Does 1-10, inclusive,<br><br>Defendants. | Case No. 5:15-cv-1345<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>1. FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION;<br>2. FEDERAL UNFAIR COMPETITION;<br>3. STATE STATUTORY UNFAIR COMPETITION;<br>4. STATE COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;<br>5. STATE STATUTORY AND COMMON LAW TRADEMARK DILUTION; AND<br>6. CONSTRUCTIVE TRUST |

Plaintiff MUSCLE BAR LLC ("Plaintiff") alleges as follows:

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a), and under 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

1

2. This Court has personal jurisdiction over Defendants because Defendants have imported, distributed, offered for sale, sold, or shipped merchandise to persons within this District, Defendants regularly transact and conduct business within this District, and Defendants otherwise have made or established contacts within this District sufficient to permit the exercise of personal jurisdiction.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with Plaintiff's federal claims and arise from a common nucleus of operative facts such that the administration of the state law claims with the federal claims furthers the interest of judicial economy.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District and Defendants have sufficient connection with the District to make venue proper in this District.

### The Parties

5. Plaintiff Muscle Bar LLC is a limited liability corporation formed under the laws of the State of California with their principal place of business in Rancho Cucamonga, California.

6. Defendant MusclePharm Corporation is a corporation formed under the laws of the State of Nevada with their principal place of business in Denver, Colorado.

7. On information and belief, Defendant MusclePharm Corporation has at all relevant times transacted, and continues to transact, business under the name MusclePharm throughout the State of California.

8. The true names and capacities of Does 1 through 10 are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will amend to show their true names and capacities when ascertained. Plaintiff is informed and believes that each of Does 1 through 10 is in some manner responsible for the acts herein alleged.

**General Allegations**

9. In May 2011, Muscle Bar LLC was formed as a limited liability corporation duly organized and existing under the laws of the State of California with its primary place of business in Rancho Cucamonga, California (initially formed under the name "Juiced Box" but amended to "Muscle Bar" in or about August 2013). Muscle Bar was formed for the purpose of creating "nutritional bars" to sell supplements, juices and protein shakes along with other products related to the fitness and nutrition industries. Since mid-2013, Plaintiff has continuously used the Muscle Bar name and logo in all its commercial efforts, including signage at the multiple business locations, advertising and marketing materials, and on social media.

10. Thereafter, in October 2013, the Secretary of the State of California approved Plaintiff's registration of a service mark for the name "Muscle Bar" and the Muscle Bar logo. The "Muscle Bar" service mark was registered for the specific purpose of juice bar services, as listed on the registration certificate. The description of the service mark on the registration certificate reads as follows: ""MUSCLE BAR SHAKES AND SUPPLEMENTS" – The words "MUSCLE BAR" in black letters and the words "SHAKES AND SUPPLEMENTS" in white letters inside a green circle surrounded by a black line. In the center of the circle is the image of a bare chested muscle man flexing his muscles. The muscle man's form is outlined in green and he has a black crew cut and one eyebrow. Straight white lines radiate behind him and are set against a black background. The image of the muscle man is inside a circle surround with a black line." See Exhibit A below, which has also been attached hereto.




Left: Plaintiff's mark (Exhibit 1)     Right: Defendant's product (Exhibit 2)

11. On information and belief, each of Defendants began infringing on, and diluting, the Muscle Bar service mark in or about March 2015, thereby causing a likelihood of confusion, and continues to do so, with their use of the name "Muscle Bar" and a green and black muscle man logo.

12. On information and belief, each of Defendants is infringing on the "Muscle Bar" service mark by among other things, using the name "Muscle Bar" and using a logo that is virtually identical in font, color and general appearance to that of the "Muscle Bar" used and owned by Plaintiff. See Exhibit B above, which has also been attached hereto.

13. The Muscle Bar images, designs, and expression, and related forms of intellectual property are extremely valuable to Plaintiff.

14. Plaintiff is the owner of all rights in the Muscle Bar service mark, including trade dress and other proprietary rights related thereto.

15. Plaintiff's business is based on the creation and commercial exploitation of the Muscle Bar service mark and characters, and Plaintiff has expended thousands of dollars and countless hours of sweat equity to acquire, market and promote it on original products.

16. On information and belief, the Muscle Bar service mark is extremely popular with the public and has become firmly associated with the quality and nutrition of Plaintiff's services and products.

17. On information and belief, each of Defendants has infringed on the Muscle Bar service mark and engaged in unfair competition, by among other things, (a) manufacturing, exporting, marketing, advertising, selling, distributing, and otherwise exploiting merchandise related thereto (the "Infringing Products"); (b) adopting and using likenesses that are confusingly similar to the Muscle Bar service mark; and (c) affixing those likenesses to the Infringing Products and causing them to enter into commerce, all without permission or authorization.

18. On information and belief, Defendants have profited, and continue to profit, from their infringement, and as a direct and proximate result thereof, damaged Plaintiff in a sum to be proven at trial, which Plaintiff is informed and believes is a sum not less than $1,000,000.

19. On information and belief, all of Defendants have acted in willful disregard of both the law and the rights of Plaintiff, have confused and deceived the consuming public as to the source and sponsorship of the products, and in doing so, willfully infringed thereon for economic gain.

20. Plaintiff has no adequate remedy at law. The above-referenced conduct of Defendants has caused, and if not enjoined, will continue to cause, irreparable damage to the rights of Plaintiff regarding the Muscle Bar service mark as well as their businesses and reputations.

COMPLAINT

21. The above-referenced conduct of Defendants also warrants the confiscation of all Infringing Products and documents evidencing the infringement.

## FIRST CLAIM FOR RELIEF

(False Designation of Origin and False Description)

[15 U.S.C. § 1125(a)]

22. Plaintiff incorporates the allegations of each of the preceding paragraphs by reference as though alleged at this point.

23. On information and belief, the Muscle Bar mark and related images and designs are distinctive and are well known to the trade and members of the purchasing public.

24. On information and belief, the purchasing public generally associates and identifies the Muscle Bar mark with Plaintiff.

25. On information and belief, the conduct of Defendants in the advertising, manufacture, distribution, advertising, sale, offering for sale, and/or other use of products bearing the name "Muscle Bar" constitutes false designation of origin or sponsorship of said products and tends falsely to represent that Muscle Bar products originate from Defendants or that said products and Defendants have been sponsored, approved, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff.

26. On information and belief, the conduct of Defendants is likely to confuse, mislead, and deceive the customers of Defendants, purchasers, and members of the public as to the origin of Muscle Bar products or cause said persons to believe that those products and/or Defendants have been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, all in violation of 15 U.S.C. § 1125(a).

27. On information and belief, Defendant acted willfully with full knowledge of the falsity of such designations of origin and false descriptions or representations, and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

28. Plaintiff has no adequate remedy at law. The conduct of Defendants has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition)

[15 U.S.C. § 1125(a)]

29. Plaintiff incorporates the allegations of each of the preceding paragraphs by reference as though alleged at this point.

30. On information and belief, the Muscle Bar mark and the images, designs, dress, packaging, and labels and the size, shape, color and color combinations associated therewith, as described in the preceding paragraphs and displayed in connection therewith, are inherently distinctive, non-functional, and have been used throughout the states, are well known to the trade and members of the purchasing public, which generally associates and identifies the total image and overall impression of the trade dress with Plaintiffs.

31. On information and belief, the conduct of Defendants in manufacturing, marketing, advertising, distributing, selling and/or offering for sale, and/or other use of the Infringing Products constitutes trade dress infringement of Plaintiff's rights and tends falsely to represent that their products originate from Defendants or that their products have been sponsored, approved, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, all in violation of 15 U.S.C. § 1125(a).

32. On information and belief, the conduct of Defendants also is likely to confuse, mislead, and deceive customers, purchasers, and members of the public as to the origin of the Infringing Products, all in violation of 15 U.S.C. § 1125(a).

33. On information and belief, Defendants acted willfully with full knowledge of the falsity of such designations of origin and false descriptions or representations, and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

34. Plaintiff has no adequate remedy at law. The conduct of Defendants has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff.

## THIRD CLAIM FOR RELIEF

### (State Statutory Unfair Competition)

### [Cal. Bus. & Prof. Code § 17200, et seq.]

35. Plaintiff incorporates the allegations of each of the preceding paragraphs by reference as though alleged at this point.

36. Plaintiff owns rights, title, and interest in and to the above-described distinctive trade names, service marks, designs, symbols, and logos by virtue of their extensive production and sale of goods bearing such trade names, service marks, designs, symbols, and logos described in the preceding paragraphs of this Complaint (collectively "Plaintiff's Common Law Trademarks").

37. On information and belief, none of Defendants has any rights to Plaintiff's Common Law Trademarks.

38. Plaintiff is informed and believes and thereon alleges that products bearing Plaintiff's Common Law Trademarks have been advertised, sold and marketed and are being continuously advertised, sold and marketed to this day by Defendants.

39. In such marketing and sales activity, the products bear infringing copies of Plaintiff's marks in images confusingly similar to Plaintiff's own products. Such unauthorized use by Defendants of Plaintiff's Common Law Trademarks is likely to cause confusion and mistake in the minds of the trade and the purchasing public and to deceive them as to the source of origin, authorization, or sponsorship of the Infringing Products and, therefore, to cause purchasers to buy such products in the erroneous belief that they are authentic.

40. On information and belief, Defendants have intentionally appropriated one or more of Plaintiff's Common Law Trademarks with the intent of causing confusion, mistake, and deception as to the source of their goods, and with the intent to palm off their goods as those of Plaintiff and to place others in the position to palm off their goods as those of Plaintiff.

41. On information and belief, the acts of Defendants have violated the unfair competition laws of the State of California and specifically California Business and Professions Code sections 17200 et seq.

42. On information and belief, the activities of Defendants constitute willful and intentional acts of infringement of Plaintiff's Common Law Trademarks and unfair competition.

43. By engaging in the conduct described in the preceding paragraphs, Defendants are improperly trading upon the enviable reputations, goodwill and business of Plaintiff and are impairing valuable rights in and to such trademarks.

COMPLAINT

44. Plaintiff has no adequate remedy at law. The said conduct of Defendants has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff.

### FOURTH CLAIM FOR RELIEF

**(State Common Law Trademark Infringement and Unfair Competition)**

45. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint, as though the same were fully rewritten herein.

46. Plaintiff is the owner of rights, title, and interest in and to Plaintiff's distinctive Common Law Trademarks as set forth in the preceding paragraphs of this Complaint.

47. The Infringing Products incorporate matters constituting imitations of Plaintiff's Common Law Trademarks. Such unauthorized use by Defendants of the Plaintiff's Common Law Trademarks constitutes trademark infringement and unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers to believe such products are authentic products of Plaintiff when, in fact, they are not.

48. On information and belief, Defendants have intentionally appropriated one or more of Plaintiff's Common Law Trademarks with the intent of causing confusion, mistake, and deception as to the source of their goods and with the intent to palm off their goods as those of the Plaintiff and to place others in the position to palm off their goods as those of Plaintiff, and as such, Defendants have committed trademark infringement and unfair competition under the common law.

49. By such actions in infringing Plaintiff's Common Law Trademarks, Defendants are improperly trading upon the enviable reputations and goodwill of Plaintiff and are impairing Plaintiff's valuable rights in and to such trademarks.

50. On information and belief, the activities of Defendants complained of herein constitute willful and intentional acts of infringement of Plaintiff's Common Law Trademarks and unfair competition.

### FIFTH CLAIM FOR RELIEF

**(State Statutory and Common Law Trademark Dilution)**

**[Cal. Bus. & Prof. Code § 14245, et seq.]**

51. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Complaint, as though the same were fully rewritten herein.

52. On information and belief, the acts of Defendants have caused a likelihood of injury to Plaintiff's goodwill and business reputations, impaired the effectiveness and diluted the Plaintiff's service marks.

53. On information and belief, Defendants have violated the trademark laws of the State of California, specifically California Business and Professions Code section 14245 et. seq.

### SIXTH CLAIM FOR RELIEF

**(Constructive Trust)**

**[Cal. Civ. Code § 2224]**

54. Plaintiff incorporates the allegations of each of the preceding paragraphs by reference as though alleged at this point.

55. On information and belief, Defendants own and/or possess tangible real and/or personal properties and assets including, but not limited to, bank, savings, and/or other financial accounts, consisting of and/or obtained by profit derived from the Defendants' unauthorized manufacture, distribution, and/or sale of the Infringing Products.

56. On information and belief, Plaintiff is entitled to the profits derived by Defendants from the infringement of Plaintiff's service mark.

57. On information and belief, Defendants hold those tangible real and/or personal properties and assets consisting of and/or obtained by profit derived from the infringing activities as constructive trustees for the benefit of Plaintiff, in an amount to be determined.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

58. That the Court temporarily, preliminarily and permanently enjoin Defendants, their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with any of Defendants, from:

   a. Directly or indirectly infringing the Muscle Bar service mark and/or Plaintiff's Trademarks in any manner, including generally, but not limited to manufacturing, exporting, copying, distributing, advertising, selling, and/or offering for sale any merchandise which infringes any of them, and specifically manufacturing, distributing, advertising, selling,

1 and/or offering for sale the Infringing Products or any other unauthorized products, which
2 picture, reproduce, or utilize any likenesses which bear a substantial similarity thereto;

      b. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, and/or members of the public to believe that the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

      c. Otherwise competing unfairly with Plaintiff in any manner;

      d. Diluting or infringing any the Muscle Bar service mark and/or damaging goodwill, reputations, and businesses;

      e. During the pendency of this action, destroying or otherwise disposing of: (i) merchandise falsely bearing or otherwise infringing any of the Muscle Bar service marks; (ii) any other products which reproduce, copy, counterfeit, imitate, or bear any of Plaintiff's trademarks, trade names, logos, or designs, or which picture, reproduce, or utilize the likenesses which bear a substantial similarity to any of the Muscle Bar service mark; (iii) any promotional and advertising material labels, packages, wrappers, containers, and any other unauthorized items which reproduce, copy, counterfeit, imitate, or bear any of Plaintiff's trademarks, trade names, logos, or designs, or which picture, reproduce, or utilize the likenesses which bear a substantial similarity to the Muscle Bar service mark; (iv) any molds, screens, patterns, plates, disks, negatives, or other items used specifically for making or manufacturing products bearing the Plaintiff's trademarks, trade names, logos, or designs, or which picture, reproduce, or utilize the likenesses which bear a substantial similarity to Muscle Bar service mark; and (v) any sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogues, recordings of any type whatsoever, and all other business records and documents believed to concern the manufacture, purchase, advertising, sale, or offering for sale of such infringing items;

      f. During the pendency of this action, destroying any documents, electronic files or business records that pertain to the manufacture, reproduction, advertisement, offer for

sale, or sale of the Infringing Products or any other items which infringe the rights of Plaintiff in the Muscle Bar service mark, including any correspondence (including but not limited to e-mails), sales and supplier or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogues, recordings of any type whatsoever, and all other business records and documents believed to concern the manufacture, purchase, advertising, sale, or offering for sale of such infringing items; and

    g.    Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a)-(g) above;

59. That the Court issue an order directing the United States Marshal or other law enforcement officers to enter Defendants' premises as listed above and allowing Plaintiff and/or their designees to seize the following items which are in Defendants' possession, custody, or control:

    a.    All unauthorized products bearing the Muscle Bar service mark or likenesses thereof;

    b.    Any other unauthorized products which picture, reproduce, or utilize the likenesses which bear a substantial similarity to the Muscle Bar service mark;

    c.    Any unauthorized promotional and advertising material, labels, packages, wrappers, containers, and any other unauthorized items which picture, reproduce, or utilize the likenesses which bear a substantial similarity to the Muscle Bar service mark;

    d.    Any plates, molds, matrices, masters, tapes, film negatives, disks, and other articles by means of which such infringing products or unauthorized items which picture, reproduce, or utilize the likenesses which bear a substantial similarity to the Muscle Bar service mark;

COMPLAINT

   e. Any other matter or material in any media embodying any unauthorized copies of the Muscle Bar service mark or any other evidence of infringement, including, but not limited to, hard disks, tapes, electronic mails, documents, or software; and

   f. Any correspondence (including but not limited to electronic mails), sales journals, supplier journals, customer journals, ledgers, invoices, purchase orders, shipping logs, inventory control documents, bank records, catalogues, product lists, computer files, recordings of any type whatsoever and all other business records and documents believed to concern the manufacture, distribution, purchase, advertising, sale or offering for sale of infringing merchandise;

 60. That the Court issue an Order permitting accelerated pre-trial discovery within two (2) business days, or such other time as the Court deems appropriate, in order to ensure that other available evidence in this case, which includes evidence that is transitory, portable, and easily destroyed, is available for a hearing on a Preliminary Injunction and preserved for Trial;

 61. That Plaintiffs be awarded damages for Defendants' infringement either: (i) actual damages in an amount to be determined at trial, together with Defendant's profits derived from their unlawful infringement of Plaintiff's Service Mark; or (ii) statutory damages for each act of infringement in an amount provided by law at Plaintiff's election before the entry of a final judgment, together with prejudgment and post-judgment interest, in a sum not less than $1,000,000;

 62. That Plaintiff be awarded damages for Defendants' service mark infringement together with prejudgment and post-judgment interest;

 63. That Defendants account for and pay over to Plaintiff all damages sustained by Plaintiff and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

COMPLAINT

64. That Defendants are holding, as constructive trustees for the benefit of Plaintiff, any and all personal and/or real properties and assets consisting of and/or obtained by profits derived from defendants' infringing activities, and that Plaintiff be granted possession of these properties;

65. That the Court award Plaintiff their reasonable attorney fees pursuant to 15 U.S.C. § 1117(a) and all other applicable statutes providing for such an award.

66. That the Court award Plaintiffs their costs of suit incurred herein; and

67. That the Court award Plaintiffs any other relief as it deems just and equitable.

DATED: 7/7/2015            THE LAW OFFICES OF THOMAS S. CARTER

                           _____
                           Thomas S. Carter
                           Attorney for Plaintiff MUSCLE BAR LLC

**Demand For Jury Trial**

Plaintiff hereby demands a trial by jury to the extent permitted by law.

DATED: 7/7/2015            THE LAW OFFICES OF THOMAS S. CARTER

                           _____
                           Thomas S. Carter
                           Attorney for Plaintiff MUSCLE BAR LLC

16

COMPLAINT